GLICKSTEIN, Judge.
This is an appeal by the natural parents of two small children, age 5 and 4, who have previously been determined to be dependents and who have additionally been victimized by foster home drift for the last few years, there having been six foster homes involved as of August, 1985.
The trial court’s judgment of permanent commitment, now almost a year old, recites:
1. That these minor children have previously been found to be dependent children by this Court on November 10, *1227 1983, and that said children have been under the custody and control and care of the Department Of Health And Rehabilitative Services since that date.
2. That on June 6, 1984, the natural mother, [name], entered into a performance agreement with the Department Of Health And Rehabilitative Services. That on July 5, 1984, the natural father, [name], entered into a performance agreement with the Department Of Health and Rehabilitative Services.
3. That as of the date of the filing of the Petition for permanent commitment, June 12, 1985, as well as at the date of the hearing, neither parent had substantially complied with the terms of the performance agreement.
4. That the report of the Guardian Ad Litem dated September 13, 1985, recommends the minor children need a stable permanent home and that the father has failed to supply evidence of such a stable permanent home for the minor children.
5. That the natural mother, [name], has been and continues to be diagnosed as schizophrenic with little or no prospect for being able to care for the two minor children and that, as of the date of the hearing, she was both a threat to herself and to others.
6. That it is not in the best interest of the minor children they should languish in foster care for extended periods of time.
And the Court FURTHER FINDING that it is manifestly in the best interest of said children to permanently commit said children to the agency hereinafter named for subsequent adoption, said agency being authorized under the Laws of the State of Florida to receive permanent commitment of said children and place said children in an adoptive home, to consent to the adoption of said children, and that said agency is willing to receive said children; that no legal custodian has been appointed by any court for said children.
IT IS, THEREFORE, ORDERED that said children are hereby adjudged to be dependent children; that said children are hereby permanently committed to the Adoption Related Services Unit of the Florida Department Of Health And Rehabilitative Services, for subsequent ADOPTION.
The record reflects that the trial court has protected the children by its judgment and has protected the parents in its consideration of the totality of the circumstances, including appointment of a lawyer who acted as attorney-ad-litem[1] to represent the pathetic mother in this case who, the record supports, is a danger to herself and to others, having been a physically abused child and being totally incapable of providing care to these children. Whether the last four years will result in irretrievable harm to the children remains to be seen. Hostility is already evident in one of the children. The record shows that the trial court’s judgment is their only realistic hope for the future, much like the trial court’s realistic appraisal in In the Interest of J.L.P., 416 So.2d 1250 (Fla. 4th DCA 1982).
DOWNEY J., concurs.
ANSTEAD, J., concurs in part and dissents in part.

. Florida Rule of Civil Procedure 1.210(b) would have authorized the trial court's making the appointment.